UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

         Plaintiff,

  v.                   COMPLAINT

WESTERN HOUSTON EQUITIES INC.,
and ABC COMPANIES 1 – 10 (all
other trades or businesses under common control with
WESTERN HOUSTON EQUITIES INC.,

         Defendants,
-------------------------------------------------------------------------X

Plaintiff, Building Service 32BJ Pension Fund ("Fund"), by its attorneys Raab, Sturm, & Ganchrow, LLP, as and for its Complaint against Western Houston Equities Inc. ("Defendant") and ABC Companies 1-10 (all other trades or businesses under common control with Defendant Western Houston Equities Inc. (together "Defendants" and each a "Defendant") alleges as follows:

## NATURE OF ACTION

1. This is an action commenced by the Fund to recover unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs within the meaning of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 et seq., 29 U.S.C. §1301 et seq., and particularly 29 U.S.C. § 1381.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

  (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

  (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

  (c) 28 U.S.C. Section 1331 (federal question); and

  (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.  Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2)). Service of process may be made on Defendants in any other district in which it or they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2).

## PARTIES

4.  The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145) ("Plan"). The Fund is authorized to maintain suit as independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to provide pension benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at 25 West 18th Street, New York, New York, in the City, County, and State of New York.

5.  The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA

(29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York, in the City, County, and State of New York.

6. A.   Upon information and belief, at all times material hereto, Defendant was, and continues to be, a New York corporation, whose last known address was 136 Glenwood Road, Glenwood Landing, County of Nassau, and State of New York, 11547, which did, and continues to do, business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was, and is, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant was party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, for Defendant's employees within the unit set forth in the Agreement with Union.

6. B.   Upon information and belief, ABC Companies 1-10 (all other trades or businesses under common control with Defendant, and are each a "trade or business under common control" with each other pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder ( the "Control Group").

## FACTUAL BACKGROUND

### Defendant's Complete Withdrawal From the Plan

7. Until on or about June, 2018, Defendant was obligated to contribute to the Plan for each of its participating employees, who were employed at a building located at 185 West Houston

Street, in New York City, pursuant to a series of collective bargaining agreements between Defendant and the Union.

8. On or about June 18, 2018, Defendant permanently ceased to have an obligation to contribute to the Plan. The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a)(1).

### Defendant's Failure to Pay the Withdrawal Liability

9. By completely withdrawing from the Plan, Defendant incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

10. By letter dated July 19, 2018, the Fund notified Defendant, of Defendant's complete withdrawal from the Plan, and that it owed the Fund withdrawal liability in the amount of $67,628.00, which could be paid in a lump sum or in 101 monthly installments of $866.53, beginning no later than September 9, 2018, with a final installment of $232.25. The letter further advised that Defendant had the right to arbitral review of the Fund's determination of the withdrawal liability.

11. Defendant failed to pay the withdrawal liability installment payments as and when same came due and despite notice of default, dated November 12, 2018, Defendant had not timely cured the default.

12. Defendant failed to timely request arbitration of the Fund's determinations.

13. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and in accordance with the Fund's rules, upon the default, the Fund accelerated Defendant's withdrawal liability payment due to Defendant's default.

14. To date, the Fund has not received any payment of the withdrawal liability amount from Defendant; nor has the Fund received any payment from any other member of the Defendant's Control Group.

### Defendant's Failure to Provide Information to The Fund

15. On July 9, 2018 Defendant was served, and again on November 12, 2018 Defendant was served, with a Request for Information pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a).

16. To date, Defendant has not provided any responses.

### FIRST CAUSE OF ACTION

17. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 16 set forth above as if fully set forth herein.

18. The Fund is entitled to full payment of Defendant's outstanding withdrawal liability in the amount of $67,628.00, pursuant to Section 4301 of ERISA, 29 U.S.C. §1451 and the Plan.

19. The Fund is entitled to collect of Defendant, pre-judgment interest at the rate of 9% per annum, pursuant to the Fund's collection policy, on the outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(c)(6) and the Plan.

20. The Fund is entitled to collect of Defendant liquidated damages in the amount of 20% of the outstanding balance of the withdrawal liability (20% of 67,628.00) $13,525.60, plus interest, attorneys' fees and costs, pursuant to Sections 29 U.S.C. 1451 (b) and 29 U.S.C. §1132(g)(2) and the Plan.

### SECOND CAUSE OF ACTION

21. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 20 set forth above as if fully set forth herein.

22. Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a), the Fund is entitled to full and complete responses from Defendant to the Fund's Requests for Information concerning the entities under "common control" with Defendant.

### THIRD CAUSE OF ACTION

23. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 22 set forth above as if fully set forth herein.

24. Defendant, and ABC Companies 1-10 (all other trades or businesses under common control with Defendant) are each a "trade or business under common control" with each other pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder ( the "Control Group").

25. Defendant and ABC Companies 1-10 (all other trades or businesses under common control with Defendant), are jointly and severally liable with Defendant, for the withdrawal liability of $67,628.00, plus statutory interest, liquidated damages, attorney's fees and court costs.

### REQUEST FOR RELIEF

WHEREFORE, the Fund respectfully requests the following judgment in favor of the Fund and against Defendants:

1. That Defendants, jointly and severally, be held liable for the outstanding withdrawal liability in the amount of $67,628.00.

2. That Defendants, jointly and severally, be held liable for the full amount of the prejudgment interest attributable to the withdrawal liability;

3.      That Defendants, jointly and severally, be held liable for the liquidated damages attributable to the withdrawal liability of $13,525.60, which is computed at the rate of 20% of the outstanding withdrawal liability.

4.      That Defendants, jointly and severally, be held liable for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees;

5.      That Defendant, be compelled to provide the Fund with full and complete responses to the Fund's request for information concerning commonly controlled businesses and upon presentation of such information, to have each commonly controlled business held jointly and severally liable for the relief herein awarded against Defendant.

6.      That the Fund shall have such other and further relief as the Court shall deem just and proper.

Dated: Fort Lee, New Jersey
       January 17, 2019

                                        Raab, Sturm & Ganchrow, LLP

                                        _____
                                        By: Ira A. Sturm
                                        Attorneys for Plaintiff
                                        2125 Center Avenue, Suite 100
                                        Fort Lee, New Jersey, 07024
                                        201-292-0150
                                        isturm@rsgllp.com